UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON O. MURPHY SR.,

        Plaintiff(s),

   v.

SUPERIOR OF CALIFORNIA AT SAN FRANCISCO COUNTY,

        Defendant(s).
_____/

No. C-14-02585 DMR

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL [DOCKET NO. 2] AND EXTENDING TIME TO FILE AMENDED COMPLAINT**

On July 3, 2014, the court granted Plaintiff's application for leave to proceed *in forma pauperis* and dismissed the complaint with leave to amend. *See* Docket No. 9. Plaintiff was required to file an amended complaint, if any, by July 18, 2014. *Id.* at 4. To date, Plaintiff has not file an amended complaint.

Plaintiff has filed a request for appointment of pro bono counsel. [Docket No. 2.] "There is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of

the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.*

As described in the court's July 3, 2014 order, Plaintiff's complaint fails to state a claim even under the less stringent standards to which pro se pleadings are held: Plaintiff had alleged a breach of contract claim against the Executive Office of the San Francisco County Superior court and two claims against Judge Alvarado, but "[t]here is no plausible allegation that any contract was formed by the actions described in the complaint . . . . [and] in addition[,] both causes of action against Judge Alvarado fail because judicial immunity bars civil actions against judges for acts performed in the exercise of their judicial functions."  July 3 Order at 3-4.  Accordingly, the court has already determined that plaintiff has no likelihood of success on the merits and therefore does not find "exceptional circumstances" warranting the appointment of counsel.  Plaintiff's request is **denied.**

The court grants Plaintiff an extension of time until **August 8, 2014** to file any amended complaint.  Failure to do so may result in dismissal of the case.

IT IS SO ORDERED.

Dated: July 28, 2014



_____
DONNA M. RYU
United States Magistrate Judge

2