UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY SR., | No. C-14-02585 DMR |
| Plaintiff(s), | **ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |
| v. | |
| SUPERIOR OF CALIFORNIA AT SAN FRANCISCO COUNTY, | |
| Defendant(s). | |

On June 6, 2014, Plaintiff filed suit in this Court along with an application to proceed *in forma pauperis* ("IFP") and a request for appointment of pro bono counsel. [Docket Nos. 1, 2, 3.] On July 3, 2014, the court granted the IFP application but dismissed the case for failure to state a claim, and gave Plaintiff until July 18, 2014 to file an amended complaint. [Docket No. 9.] On July 28, 2014, the court denied Plaintiff's request for appointment of counsel, and extended the date by which Plaintiff was required to file an amended complaint to August 8, 2014. [Docket No. 10.] The court noted that Plaintiff's failure to file an amended complaint by August 8, 2014 "may result in dismissal of the case." *Id.*

//

//

//

To date, Plaintiff has not filed an amended complaint. Accordingly, this matter is hereby **dismissed without prejudice for failure to prosecute**.[1]

IT IS SO ORDERED.



Dated: August 13, 2014

DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff consented but has not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).